# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:04-cr-131

                                  District Judge Thomas M. Rose
- vs -                            Magistrate Judge Michael R. Merz

CHRISTOPHER RODGERS,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

      Defendant Christopher Rodgers has filed, through counsel, a Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 53).  The Motion is before the Court for initial review under Rule 4 of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other response within a fixed time, or take other action the judge may order.

As with all other collateral attacks on criminal judgments at the Dayton seat of court, the § 2255 Motion has been referred to the undersigned (General Order Day 13-01).

1

**Procedural History**

Rodgers was indicted by a grand jury for this District on September 29, 2004 (Indictment, ECF No. 13). He was charged with conspiracy to commit armed bank robbery (Count 1); actual armed bank robbery (Counts 2, 4, 6, and 8), and knowingly using and carrying a firearm during and in relation to a crime of violence, to wit, armed bank robbery (Counts, 3, 5, 7, and 9). *Id.* On September 7, 2005, he entered into a written plea agreement with the United States under which he agreed to plead guilty to Counts 8 and 9 of the Indictment (Plea Agreement, ECF No. 41, PageID 273). The plea was made pursuant to Fed. R. Crim P. 11(c)(1)(C) and the parties agreed that the appropriate sentence was sixty months on Count 8 and a consecutive 84 months on Count 9. *Id.* at PageID 276, ¶ 11. Respecting Counts 8 and 9, the agreed Statement of Facts includes the admission that Rodgers, at gunpoint, robbed the Key Bank branch at 11355 Princeton Pike in Springdale, Ohio, on September 29, 2003. Judge Rose accepted Rodgers' guilty pleas pursuant to the Plea Agreement and referred the case for a Presentence Investigation Report ("PSR"). After reviewing the PSR, Judge Rose sentenced Rodgers as agreed in the Plea Agreement (Judgement, ECF No. 47). Rodgers took no appeal, so the judgment became final on the last day on which he could have appealed, December 23, 2005.

## ANALYSIS

In *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule

that has retroactive effect in cases on collateral review.  *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (2016);  *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015).

Rodgers claims the benefit of *Johnson*, asserting that "pursuant to *Johnson*, his 18 U.S.C. § 924(c) sentence no longer qualifies as a crime of violence." (Motion, ECF No. 53, PageID 339.)  However, Rodgers was not sentenced under the ACCA, nor was he determined to be a career offender under the Sentencing Guidelines residual clause which is rendered unconstitutional by Johnson.  *United States v. Pawlak,* ___ F.3d ___, 2016 U.S. App. LEXIS 8798 (6th Cir. May 13, 2016).

Rather, 18 U.S.C. § 924(c)(1)(A), under which Rodgers was convicted, provides:

> (A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

Although the quoted claim from PageID 339 of the Motion is that a violation of § 924(c) does not qualify as a crime of violence, Rodgers' substantive claim is that his underlying crime of armed bank robbery does not qualify as a predicate "crime of violence." (See ECF No. 53,

3

PageID 341-44.)  To reach that result, Rodgers argues that, in determining what qualifies as a crime of violence, courts must "'look only to the statutory definitions – i.e. the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]' in determining whether the offense qualifies as a 'crime of violence." (Motion, ECF No. 53, *quoting Descamps v. United States*, 133 S. Ct. 2276, 2283 (2013), *quoting Taylor v. United States*, 495 U.S. 575, 600 (1990)).

The definition of "crime of violence" for purposes of § 924(c)(1)(A) is provided by § 924(B)(3):

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Thus Rodgers' argument appears to be that his armed bank robbery conviction does not, under *Descamps*, satisfy § 924(B)(3)(A).  Therefore to the extent it was found to be a crime of violence, it must have been under § 924(b)(3)(B).  Because § 924(b)(3)(B) contains language found to be unconstitutionally vague in *Johnson*, Rodgers argues, § 924(b)(3)(B) must also be unconstitutionally vague.

Rodgers points to no place in the record where the Court made a finding that armed bank robbery was a "crime of violence" under § 924(b)(3)(A) or (B).  The PSR refers to conviction on Count 9 as being a conviction for using a firearm during a crime of violence without stating

4

which portion of § 924(b)(3) it was relying on. Neither party made any objection to the PSR (Transcript, ECF No. 50, PageID 301).

If Rodgers is relying on a *Descamps'* elements argument to disqualify the armed bank robbery as a predicate offense, his claim comes too late. *Descamps* was decided in 2013 and the present § 2255 Motion was not filed until June 22, 2016, well beyond the one-year statute of limitations even if *Descamps* were retroactively applicable, which it is not. *Zemba v. Farley*, 2015 U.S. App. LEXIS 12430 (6th Cir. 2015).

If *Rodgers* is relying on a *Johnson* vagueness argument to disqualify the armed bank robbery conviction as a predicate offense, his reliance is misplaced. In *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), rehearing and rehearing *en banc* denied, 2016 U.S. App. LEXIS 9974, the Sixth Circuit held that *Johnson* did not require a finding that § 924(c)(3)(B) because of the differences in wording between the ACCA residual clause and § 924(c)(3)(B).[1] Rodgers properly acknowledges *Taylor*, but wishes to preserve the issue for appellate review (Motion, ECF No. 53, PageID 344).

If Rodgers is making what might be called a stand-alone vagueness claim as to § 924(c)(3)(B), his claim is also too late as it comes far more than one year after his conviction became final. *Johnson* did not reopen the statute of limitations for all § 2255 claims of statutory vagueness.

---

[1] The opinion makes clear that relevant predicate offenses were found to be crimes of violence under 18 U.S.C. § 924(c)(3)(B), not (A). 814 F.3d at 375.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the instant § 2255 Motion be DISMISSED WITH PREJUDICE.  Because of the newness of these issues and particularly noting Judge White's dissent in *Taylor*, the Magistrate Judge believes reasonable jurists could disagree with the conclusions herein and also recommends Rodgers be granted a certificate of appealability on his claim and that he be permitted to proceed on appeal *in forma pauperis*.

June 29, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).