IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 3:04-cr-131

                                              District Judge Thomas M. Rose
   -  vs  -                          Magistrate Judge Michael R. Merz

CHRISTOPHER RODGERS,

                Defendant.      :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Motion to Vacate under 28 U.S.C. § 2255, filed with the assistance of counsel (ECF No. 53). The Magistrate Judge, on initial review under Rule 4 of the Rules Governing § 2255 Proceedings, recommended dismissal with prejudice (Report, ECF No. 55). Defendant has objected (Objections, ECF No. 58) and Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 59). The Government's time to respond to the Objections has expired and no response has been filed.

The Defendant makes no objection to the Report's recitation of the procedural history. Briefly, Rodgers was charged with four counts of armed bank robbery in violation of 18 U.S.C. § 2113(a) and four counts of using a firearm in connection with those robberies in violation of 18 U.S.C. § 924(c)(a)(a)(ii). He pled guilty to one of each for an agreed sentence of sixty months on the robbery charge and a consecutive mandatory minimum eight-four months on the firearms

1

charge.  The judgment became final on December 23, 2005, the last day on which Rodgers could have appealed and more than ten years before he filed his Motion to Vacate on June 22, 2016.

The Report noted that Rodgers claimed the benefit of both *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), where the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague and *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016), where the Sixth Circuit held parallel language in the Sentencing Guidelines was unconstitutionally vague.

However, Rodgers was not sentenced under either of these provisions, but under 18 U.S.C. § 924(c)(1)(A) for brandishing a firearm during and in relation to a crime of violence.  Rodgers' claim is that his underlying crime of armed bank robbery does not qualify as a predicate "crime of violence."  (ECF No. 53, PageID 341-44.)

The definition of "crime of violence" for purposes of § 924(c)(1)(A) is provided by § 924(c)(3):

> (3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

To apply *Johnson* and *Pawlak* by analogy to this case, the District Court would have had to find bank robbery was a crime of violence by applying the residual clause, § 924(c)(3)(B), but, as the Report notes, there is no indication in the record or the PSR of what clause was used and no

2

objection to the PSR (Report, ECF No. 55, PageID 356-57).[1] Rodgers was not found to have committed a crime of violence by application of the residual clause of § 924(c)(3).

But even if the residual clause of § 924(c)(3) had been applied to Rodgers, he would not have a viable claim because the Sixth Circuit has held that § 924(c)(3)(B) is not unconstitutionally vague. *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016), rehearing and rehearing *en banc* denied, 2016 U.S. App. LEXIS 9974, distinguishing *Johnson*.

The Report recommended dismissal under *Taylor* (ECF No. 55, PageID 357). Defendant objects that Taylor is trumped[2] by *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (June 23, 2016). In *Mathis* Justice Kagan wrote for the Court:

> The Armed Career Criminal Act (ACCA or Act), 18 U. S. C. §924(e), imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony," including "burglary, arson, or extortion." To determine whether a past conviction is for one of those offenses, courts compare the elements of the crime of conviction with the elements of the "generic" version of the listed offense—*i.e.,* the offense as commonly understood. For more than 25 years, our decisions have held that the prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or narrower than, those of the generic offense. The question in this case is whether ACCA makes an exception to that rule when a defendant is convicted under a statute that lists multiple, alternative means of satisfying one (or more) of its elements. We decline to find such an exception.

195 L. Ed. 2d at 609-10. The balance of the *Mathis* decision explicates the distinction between "elements" of a crime and the "means" of committing it. Only elements count under the modified categorical approach for classifying prior offenses under *Shepard v. United States,* 544 U.S. 13 (2005).

---

[1] The Report incorrectly cites the relevant statute as § 924(**b**)(3), rather than § 924(**c**)(3).
[2] No political reference intended.

Rodgers seeks to apply *Mathis* here, arguing

> By analogy, the federal bank robbery statute is one statute, containing one offense with multiple means of committing it, so of which involve physical force and some of which do not, After *Mathis*, this Court may no longer parse out utilizing *Shepard* documents which means a defendant uses to commit the offense.

(Objections, ECF No. 58, PageID 374.)

But the Sixth Circuit had held bank robbery is not "one statute," but a divisible statute. *United States v. McBride*, ___ F.3d ___, 2016 U.S. App. LEXIS 10538 (6th Cir. June 10, 2016). It held 18 U.S.C. § 2113(a) was a divisible statute and the portion under which McBride was charged required proof of the elements of "force and violence" or "intimidation," both of which would qualify to make a violation of 18 U.S.C. § 2113(a) a crime of violence. Rodgers was charged under the same portion of the statute as McBride (See Indictment, ECF No. 13, PageID 47-48).

The Report also noted that Rodgers claim in substance was made under *Descamps v. United States*, 133 S. Ct. 2276 (2013), because Rodgers argued

> To determine whether a predicate offense qualifies as a "crime of violence" under § 924(c), courts use the categorical approach. See *Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013). This approach requires that courts "look only to statutory definitions – i.e., the elements – of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a "crime of violence." *Descamps*, 133 S. Ct. at 2283 (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990)).

4

(Motion, ECF No. 53, PageID 342.) But a *Descamps* claim, the Report concluded, would be barred by the statute of limitations and the fact that *Descamps* has never been made retroactively applicable to cases on collateral review (Report, ECF No. 55, PageID 357).

Rodgers objects that his argument is made under *Johnson*, not *Descamps*, and "*Johnson* changed the evaluation of what constitutes a crime of violence." (Objections, ECF No. 58, PageID 373.) This last statement is an exceptionally overbroad reading of *Johnson*. The holding in *Johnson* is that the residual clause of the ACCA – which required federal judges to decide if prior convictions in other courts "present[ed] a serious potential risk of physical injury to another" -- is unconstitutionally vague. By analogy, *Johnson* invites a finding that similar language deployed for a similar function is also unconstitutional, as the Sixth Circuit held in *Pawlak, supra.* But *Johnson* does not suggest that every use of the terms "crime of violence" or "violent felony" in the federal criminal code is unconstitutionally vague or that any conviction reliant on some use of one of those terms can now be attacked on collateral review.

**Conclusion**

Having reconsidered the § 2255 Motion in light of the Objections, it is again respectfully recommended that the Motion be DISMISSED WITH PREJUDICE.

August 8, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).