UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:04-cr-131 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| CHRISTOPHER RODGERS, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. 3582(c)(1)(A) (DOC. NO. 76) AND DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER THE FIRST STEP ACT (DOC. NO. 77)**

This case is before the Court on two motions filed by Christopher Rodgers ("Rodgers"): Motion for Sentence Reduction under 18 U.S.C. 3582(c)(1)(A) (Doc. No. 76) and Motion for Compassionate Release Under the First Step Act (Doc. No. 77). In the first motion, Rodgers asks the Court for "an in-person hearing for compassionate release from Talbert house or sentence reduction under 18 U.S.C. § 3582(c)(1)(A) due to Corona Virus." (Doc. No. 76.) In the second motion, Rodgers asks that the Court "grant a compassionate release and/or reduce this sentence … [p]ursuant to 18 U.S.C. 3582(c)(1)(A)(i) due to Covid 19 pandemic concerns." (Doc. No. 77 at PageID 460.) The Court **DENIES** both motions, and the Court also denies Rodgers' requests for a hearing.

**I.     ANALYSIS**

Rodgers asserts that he is currently incarcerated in a halfway house and is "concerned that[,] living in such close quarters with so many other inmates and staff that come and go into the community," he "could contract this virus and possibly die." (Doc. No. 77 at PageID 460.)

1

However, the Court does not "find[] that extraordinary and compelling reasons warrant" a reduction in Rodgers' sentence. 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Raia*, 954 F.3d 594, 597 (6th Cir. 2020) ("[t]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release"); *United States v. Gaston*, 835 F. App'x 852, 854-55 (6th Cir. 2020) (affirming denial of motion for compassionate release despite presence of COVID-19 at facility where defendant was imprisoned and despite defendant's post-sentencing rehabilitative efforts). Moreover, the Court denied an earlier motion for compassionate release filed by Rodgers less than a year ago because, upon consideration of any applicable 18 U.S.C. § 3553(a) factors, no reduction in sentence was warranted. (*See* Doc. No. 69; Doc. No. 75 at PageID 456-58.) Upon that same consideration today, the same conclusion holds true.

## II.  CONCLUSION

Although the Court commends Rodgers for the achievements that he sets forth in one of his motions (*see* Doc. No. 77), the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Sentence Reduction under 18 U.S.C. 3582(c)(1)(A) (Doc. No. 76) and the Motion for Compassionate Release Under the First Step Act (Doc. No. 77).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, March 30, 2022.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE